**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **VIVIANE MAJDALANI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )          **Case No. 06-1317-MLB** |
| | ) |
| **LEGACY BANK,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to compel (Doc. 52) and

plaintiffs' motion to compel (Doc. 54).  For the reasons set forth below, defendant's motion

shall be GRANTED and plaintiff's motion shall be DENIED WITHOUT PREJUDICE.

### Background

This is an employment discrimination case.  Highly summarized, plaintiff alleges that

she began her employment with defendant in 1995 and performed various duties until her

termination in January 2005.  She alleges that her termination and the denial of

promotions/job assignments were based on her "Lebanese origin and ancestry" in violation

of Title VII and 42 U.S.C. § 1981.  Plaintiff also contends that defendant engaged in

retaliation after she complained to the Kansas Human Rights Commission and the Equal

Employment Opportunity Commission about defendant's violation of her civil rights.

In addition to the preceding summary of plaintiff's claims and contentions, the following chronology and procedural history also provide context for the court's analysis of the motions to compel.  The docket of this case reflects the following:

1.     The lawsuit was filed on October 24, 2006 after considerable time was expended during the EEOC and KHRC administrative processes, including two unsuccessful mediation efforts.

2.     The initial scheduling order (Doc. 9) was filed on January 17, 2007, after which defendant filed its motion to dismiss (Doc. 16) on February 15, 2007.

3.     Judge Belot granted in part and denied in part the defendant's motion to dismiss (Doc. 49) on June 19, 2007.

4.     Written discovery proceeded while the motion to dismiss was pending, and the scheduling order was modified twice (Doc. 27 and 47).  Further modifications will be required because of the motions to compel and the rulings herein.

With this background in mind, the court now considers the motions to compel.

## Motion to Compel

Defendant moves to compel written discovery concerning five areas and also requests the imposition of sanctions.  The specific requests and the parties' arguments are addressed below in the order set forth in the parties' briefs.

-2-

**1. Damage details and computations**
**(Fed R. Civ. P. 26(a)(1)(D) and Interrogatory No. 3)**

Rule 26(a)(1)(C) requires plaintiff to provide, without awaiting a discovery request,

> a computation of any category of damages claimed by the disclosing
> party, making available for inspection and copying under Rule 34 the
> documents or other evidentiary material, not privileged or protected from
> disclosure, on which such computation is based, including materials
> bearing on the nature and extent of injuries suffered.

Defendant argues that plaintiff failed to provide any statement regarding her computation of

damages in her initial and supplemental disclosures and moves the court to compel such

information.

Similarly, defendant's Interrogatory No. 3 requests that plaintiff

> explain and set forth each aspect (as well as the total amount) of each
> claim for damages you allege; including a separate statement of the total
> amount, figures used, calculations performed, base numbers used, rates,
> exact dates and time periods, and all other details for each of the types
> of damages alleged in your complaint.

Plaintiff answered Interrogatory No. 3 with the following response:

> Plaintiff will seek all damages allowed under Title VII of the Civil
> Rights Act of 1964 and amendments thereto including front and back
> benefits (plus interest), compensatory and punitive damages, attorney
> fees, costs and expenses of this litigation.  The calculation of damages
> pursuant to each of these categories changes on a daily basis.

Defendant moves to compel plaintiff to properly answer Interrogatory No. 3.

In response to defendant's motion, plaintiff asserts:   (1) her response to the

interrogatory "provides the categories of damages plaintiff will seek and explains that such

damage calculations change from day to day," (2) she will supplement her answer to Interrogatory No. 3, and (3) a full computation can only be provided after defendant provides information concerning salaries paid to the positions for which plaintiff applied but was not selected.

Plaintiff's assertion that her answer to Interrogatory No. 3 was appropriate is rejected. Stating that a party seeks "all damages allowed" is not consistent with the requirements of Rule 26(a)(1)(C) and neither is the answer responsive to the information requested by Interrogatory No. 3. Moreover, plaintiff's contention that the amount of her damages "changes on a daily basis" does not excuse her from answering the interrogatory and showing her method of computation.[1] Finally, a party must answer discovery requests in a timely manner with the information currently available to the party.[2] Rule 26(e) provides for the supplementation of discovery responses as the case progresses. Accordingly, plaintiff's motion to compel shall be GRANTED and plaintiff shall provide the information required

---

[1] The amount of damages requested is subject to variables; therefore, Rule 26(a)(1)(C) requires a party to provide his or her "computations" rather than merely state a number.

[2] Rule 26(d) provides: "the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery." However, the court may modify this rule "upon motion, for the convenience of the parties ... and in the interests of justice." Id. There is no motion before the court and neither are the "interests of justice" served by modifying the normal rule concerning the timing of discovery found in Rule 26(d).

by Rule 26(a)(1)(C) and Interrogatory No. 3.[3]  The answer shall include specific dollar amounts and the computations supporting the amounts requested.

**2. Witness statements**
**(Interrogatory No. 5 and Production Request No. 22)**

Interrogatory No. 5 requests information concerning any witnesses interviewed by plaintiff and Production Request No. 22 requests documents containing such statements. Although plaintiff initially objected to the requests based on the attorney client privilege and work product doctrine, plaintiff states in her response brief that "without waiving such objections previously stated, plaintiff will provide information responsive to these requests in a supplement to her Answer to Interrogatory No. 5 and Request for Production No. 22." Plaintiff's Response, Doc. 65, filed July 20, 2007.   Notwithstanding plaintiff's representation, defendant argues that supplemental responses have not been provided. Defendant's Reply, Doc. 67, filed July 31, 2007.  Accordingly, defendant's motion to compel answers to Interrogatory No. 5 and Production Request No. 22 shall be GRANTED.

**3. Medical and mental health information**
**(Interrogatory Nos. 6 & 13, Production Request Nos. 23 & 25)**

Defendant moves to compel responses to Interrogatory Nos. 6 & 13 and Production

---

[3]

Plaintiff's assertion, without more, that she will supplement her answers at some undisclosed date in the future is not a defense to the motion to compel.  Moreover, supplemental answers had not been provided as of the date of  defendant's reply brief.

Request Nos. 23 & 25 which seek medical and mental health information. Plaintiff opposes the motion, arguing that the requested information "is irrelevant as plaintiff will be dismissing the claim for damages from emotional distress." Doc. 65, p. 2. However, plaintiff has taken no formal action to relinquish her claim for such damages and defendant requests an order precluding plaintiff from "mentioning emotional distress, mental anguish, etc. at trial." Doc. 67, p. 3.[4]

The motion to compel responses to Interrogatory Nos. 6 & 13 and Production Request Nos. 23 & 25 shall be GRANTED. It is further ordered that failure to produce the medical and mental health information or file a stipulation dismissing any damage claims for emotional distress by the date established in this order shall preclude plaintiff from mentioning and/or claiming damages for emotional distress, mental anguish, or any other form of medical or mental damages.

## 4. Similarly situated employees
## (Interrogatory No. 10)

Interrogatory No. 10 requested information related to plaintiff's allegation that defendant treated "similarly situated non-minority, American born employees" with more favorable raises and Christmas bonuses. Plaintiff responded to the interrogatory by directing defendant to "defendant's response to plaintiff's initial complaint filed with the Kansas

---

[4]

This discovery dispute highlights the problems caused by plaintiff's failure to properly disclose her "computation of damages" as required by Rule 26(a)(1)(C).

Human Rights Commission."  Defendant contends that this response is unresponsive and

moves to compel the identities of the employees who plaintiff contends were similarly

situated.  In her response to the motion, plaintiff agrees to supplement her answer to

Interrogatory No. 10.  Doc. 65, p. 2.  Accordingly, defendant's motion to compel a complete

and proper answer to Interrogatory No. 10 shall be GRANTED.

**5. Journals, diaries, calendars and other notes
(Production Request No. 7)**

Production Request No. 7 seeks "all journals, diaries, calendars and other notes made

or maintained by plaintiff at any time during the period from 1997 to present."  Plaintiff

responded with the following objection:

> Objection is made to production of any journals, diaries, calendars
> or other notes obtained by plaintiff's counsel which are covered by the
> work product doctrine or attorney-client privilege.  Without waiving this
> objection, *a copy of plaintiff's notes which are not privileged will be
> produced.*  (Emphasis added).

Defendant moves to compel, arguing that plaintiff has failed (1) to provide any documents

responsive to this request and (2) to establish that any documents created by plaintiff are

protected by the attorney-client privilege or work product doctrine.  In response to the

motion, plaintiff asserts that no journals or diaries were kept by plaintiff during the 10-year

period and that calendars have already been produced.  Plaintiff also argues for the first time

that the request for all notes maintained by plaintiff for a 10-year period is overly broad and

seeks irrelevant information.  However, plaintiff agrees to produce additional work related

notes.

The motion to compel notes created by plaintiff concerning her work or any of the issues or allegations in this case from 1997 to the present shall be GRANTED.  It is further ordered that plaintiff shall indicate by bates-stamped number the calendars which she represents have already been produced to defendant.

**6. Sanctions**

Fed. R. Civ. P. 37(a)(4)(A) provides:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court ***shall***, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.  (Emphasis added).

Plaintiff argues that sanctions are not warranted because (1) plaintiff's Rule 26(a)(1)(C) response concerning damages was not improper and (2) "plaintiff's responses were not improper to a degree requiring the court to impose sanctions."  As noted above, plaintiff's Rule 26(a)(1)(C) disclosures did not comply with the federal rules of civil procedure.  Plaintiff's conclusory response fails to show either "substantial justification" or

that "other circumstances make an award of expenses unjust." For reasons which remain

unexplained, and despite the defendant's repeated requests, plaintiff failed to provide the

requested information in a timely manner. Therefore, the imposition of sanctions is

warranted under Rule 37(a)(4)(A).

### Plaintiff's Motion to Compel

Plaintiff moves to compel defendant to "completely and properly respond" to

plaintiff's first set of interrogatories and first set of production requests. As explained in

greater detail below, the motion shall be denied without prejudice.

### Duty to Confer

Defendant argues that plaintiff's motion to compel should be summarily denied

because plaintiff failed to confer in compliance with Fed. R. Civ. P. 37(a)(2)(B) and D. Kan.

Rule 37.2. The facts relevant to this argument are as follows:

> 1. Plaintiff served defendant with her First Set of Production Requests
> and First Set of Interrogatories on April 6, 2007.
>
> 2. Defendant requested and received extensions of time to provide its
> discovery responses and timely served plaintiff with the responses on
> June 4, 2007. Plaintiff received the discovery responses on June 7 and
> June 12, 2007.
>
> 3. Plaintiff considered the discovery responses inadequate and, on July
> 3, 2007, advised one of defendant's attorneys (Ms. Nall) that a "golden
> rule" letter would be sent later that same day. Ms. Nall agreed to a
> conference call on July 5, 2007 to discuss plaintiff's discovery concerns.

4. Plaintiff's counsel sent a detailed eight-page letter to defense counsel listing the discovery concerns by fax on July 3, 2007 *after business hours* (at 5:17 p.m.).  Because of the national holiday (July 4th) defense counsel did not see the letter until July 5, 2007.

5. Lead defense counsel (Ms. Hays) was unavailable for the July 5 call so Ms. Nall participated in the conference.  Tim Shultz, a partner, at the firm also sat in on the call.  The call commenced at 2:00 p.m. and lasted approximately 45 minutes.  The parties agreed that defendant would supplement its responses "at the time it responds to plaintiff's second set of written discovery." Doc. 55, p. 2, para. 5.  Defendant served plaintiff with supplemental answers to Interrogatory Nos. 6, 11, 13, 16, 17, 19, and 20 and Production Request Nos. 26, 30, 31, 32, 50, 2, 7, 20, 37, 46, 47, 52, 53 and 54 on July 18, 2007.

6. Notwithstanding defendant's agreement the afternoon of July 5, 2007 to supplement its discovery responses, plaintiff filed her motion to compel on *July 5, 2007 at 7:15 p.m.  The motion seeks to compel the interrogatories and production requests which defendant had agreed to supplement*.[5]

7. Plaintiff concedes in her reply brief that defendant agreed on July 5 to supplement its discovery responses and "did so within the time agreed upon during the telephone conference." Reply, Doc. 71, p. 5.  However, plaintiff argues in her reply brief that she "is not satisfied with defendant's supplementation" and cites specific deficiencies concerning the supplemental responses.  Id.

8. There is no indication or evidence in the record that plaintiff conferred with defendant after receipt of the supplemental responses.

D. Kan. Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery

---

[5]

Plaintiff asserts the unusual argument that she did confer in good faith because her motion did not include Interrogatory No. 17 and Production Request Nos. 7, 47, 52, 53, and 54 that were included in her "golden rule" letter. Reply, Doc. 71, p. 5.  However, in the same Reply brief and on the very same page, plaintiff now asks the court to order defendant to answer Interrogatory No. 17. Id.

dispute pursuant to Fed. R. Civ. P. 26 through 37 ... unless counsel for the moving party has conferred or made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes *shall describe with particularity the steps taken by all counsel to resolve the issues in dispute.*

A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It *requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.* (Emphasis added).

The court agrees that plaintiff's motion to compel and her related certification violate Fed. R. Civ. P. 37(a)(2) and D. Kan. Rule 37.2. Inherent in both rules is the principle that a motion to compel is inappropriate when, during the meet and confer process, the party opposing discovery agrees to supplement its discovery responses.

Moreover, plaintiff's "Certificate of Compliance" is incomplete and misleading. As noted above, Rule 37. 2 requires that the certificate "shall describe with particularity the steps taken by *all counsel* to resolve the issues in dispute." However, plaintiff's counsel merely states that a lengthy telephone conference was held on July 5, 2007 to discuss the July 3 letter and "[a]s of this date, the discovery dispute remains unsolved." Plaintiff fails to mention

that defendant agreed to supplement its discovery responses.[6]

Plaintiff's motion to compel shall be denied without prejudice and may be refiled after the parties confer in good faith to resolve any remaining discovery disputes. To aid the parties in their conference, the court will briefly address issues raised in the briefs currently before the court.

> 1. Plaintiff argues that defendant has waived certain objections by asserting blanket or general objections. The court is not persuaded that defendant's approach in setting forth its objections resulted in any waiver. Accordingly, this argument is rejected and shall not be asserted in any renewed motion to compel.
>
> 2. Defendant argues that when definitions and subparts are taken into consideration, plaintiff has exceeded the number of interrogatories allowed by the scheduling order. Notwithstanding this objection, defendant provided answers the interrogatories. The court declines to entertain defendant's objection after the interrogatories have been answered.
>
> 3. Plaintiff argues that defendant failed to provide evidence and affidavits *with its initial discovery response* supporting its assertion that the discovery requests were burdensome and overly broad; thus, the objection is waived. This argument is rejected. Whether a discovery request is burdensome or overly broad is a subject for discussion during the meet and confer process. Affidavits and evidence are only necessary when the issue is submitted to the court on a motion to compel.

---

[6]

The "statement of facts" contained within plaintiff's memorandum in support of her motion states: (1) "counsel resolved *several* items addressed in the [July 3] letter but were unable to resolve many deficiencies in defendant's responses" and (2) "the parties agreed that defendant will supplement *certain* deficient responses at the time it responds to plaintiff's second set of written discovery." Doc. 55, p. 2, para. 4 & 5 (emphasis added). However, plaintiff failed to disclose that defendant agreed to supplement all of the interrogatories and production requests that are the subject of her motion. Why plaintiff sought judicial action before reviewing the supplemental responses is unexplained.

4. With respect to electronic discovery, the court is not persuaded that plaintiff is foreclosed from seeking electronic discovery based on comments allegedly made during the initial scheduling conference. The conference was not recorded and counsel disagree as to what was said. At best, the arguments establish a misunderstanding between counsel as to whether electronic discovery would be requested.

5. Defendant also argues that plaintiff narrowed her electronic discovery requests *for the first time* in her motion to compel. The parties shall confer over plaintiff's more recent request before refiling any motion. With respect to the parties' dispute over the burden of searching for such records, conclusory statements by counsel are not sufficient. Representations concerning the estimated time and expense for conducting a search must, at a minimum, be supported by an affidavit from a witness qualified to provide such information. If necessary, the court will conduct an evidentiary hearing requiring qualified witnesses from both parties to resolve factual disputes concerning the cost and expense of searching for documents in electronic format.

6. A number of discovery disputes exist because lead counsel for both parties have not participated in all hearings and conferences. The parties must designate one "lead counsel" and that attorney shall personally appear and participate in *all* future hearings, conferences, and telephone calls. Lead counsel shall be vested with final authority concerning legal issues; responses or proposals conditioned on input from co-counsel are unacceptable.

7. Counsel who electronically sign their name to a pleading, motion, or brief will be held accountable for the content of the filed document. Documents must be reviewed for clarity and content and "cut and paste" arguments that have little or no coherent train of thought will be summarily rejected.

**IT IS THEREFORE ORDERED** that defendant's motion to compel **(Doc. 52)** is

**GRANTED.** Plaintiff shall answer the interrogatories and provide the documents as set forth

in this opinion on or before **September 24, 2007.**

**IT IS FURTHER ORDERED** that defendant shall submit a statement of fees and

expenses associated with the motion to compel by **October 1, 2007**.  Plaintiff shall file a response concerning the amount of the requested fees and expenses.  The sanctions shall be imposed against plaintiff's counsel unless evidence is presented that the plaintiff personally was at fault for failing to provide the discovery responses.  The response shall be limited to three pages.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel **(Doc. 54)** is **DENIED WITHOUT PREJUDICE.**  The parties shall confer in good faith before any motion to compel is refiled.  The motion to compel, if any, shall be refiled on or before **October 1, 2007.**

A motion for reconsideration of this order under D. Kan. Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established.  A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by the court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

**IT IS SO ORDERED.**

-14-

Dated at Wichita, Kansas this 11ᵗʰ  day of September 2007.

S/ Karen M. Humphreys

_____

KAREN M. HUMPHREYS
United States Magistrate Judge
