**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| VIVIANE MAJDALANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-1317-MLB |
| ) | |
| LEGACY BANK, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

On September 11, 2007, the court granted defendant's motion to compel plaintiff to provide proper discovery responses. Memorandum and Order, (Doc. 77). The court also concluded that sanctions were warranted under Fed. R. Civ. P. 37(a)(4)(A) and directed defendant to submit a statement of attorney fees and expenses. Id. Defense counsel submitted a statement of fees and expenses totaling $4,128.50. (Doc. 81). Plaintiff objects to the fee statement, arguing that the amount requested is excessive and should be reduced. In support of her objection, plaintiff asserts a number of arguments, discussed in greater detail below.

**1. Block Billing**

Plaintiff argues that "many" entries were "block billed," making it difficult to

determine whether time spent on a particular task was reasonable. The court agrees that some billing entries describe multiple activities and has taken this billing practice into account in reducing the amount of requested fees.

## 2. Review of Discovery Responses

Defendant's fee request includes time spent reviewing plaintiff's initial disclosures and discovery responses. Plaintiff contends that such time is incurred in the normal course of discovery regardless of any subsequent motion practice and should not be allowed as part of Rule 37(a)(4)(A) sanctions. The court agrees and will exclude time spent reviewing plaintiff's initial discovery responses when calculating the amount of attorney fees.[1]

## 3. Multiple Attorneys

Plaintiff argues that defendant utilized multiple attorneys which resulted in duplication of effort and unnecessary intra-office conferences.[2] The court agrees that defendant's staffing of this case resulted in some duplication of effort; accordingly, the court has also

---

[1] However, time spent by counsel reviewing *subsequent* discovery responses served *after* the motion to compel was filed has been factored into the award.

[2] Deanne Watts Hay (DWH), lead defense counsel, has been in practice for approximately 30 years and submitted a request for 12.40 billable hours. Stephanie R. Nall (SRN), an associate, has been in practice since 2006 and submitted a request for 20.20 hours. Matt P. Peterson (MPP), an associate, was admitted to practice in 2000 and submitted a request for .5 hours. Finally, an unnamed law clerk submitted 4.4 hours for legal research for a total of 37.50 hours in attorney fees.

taken this factor into account in determining the amount of attorney fees to be awarded.

### 4. Research, Initial Drafting, and Revisions

Plaintiff argues that the issues were not complex and the time listed for research, initial drafting, and revisions is excessive. The court agrees to a limited extent. The legal issues involved in the motion to compel were neither unusual nor complex and the time requested for legal research is excessive. The court is also persuaded that the time spent drafting and revising the motion and reply brief is somewhat excessive and will reduce the amount accordingly.[3]

### 5. Efforts to Resolve Dispute

Plaintiff argues that the time spent trying to informally resolve the dispute should not be included in the computation of attorney fees. This argument is not persuasive. Plaintiff failed to provide timely disclosures and discovery responses and, after conferring with defense counsel, continued to refuse to provide proper discovery responses. The time spent by defense counsel in attempting to secure proper discovery responses is a factor to consider in awarding sanctions.

---

[3] Although the legal issues were not complex, the volume of objections required defendant to prepare and submit a 19 page memorandum in support of its motion to compel.

-3-

**6. Attorney Hourly Rates**

Plaintiff acquiesces in the rate of $125 per hour for lead defense counsel (approximately 30 years experience).  However, plaintiff objects to a rate of $115 per hour for the associate with less than 2 years experience, arguing that the associate's rate should be $30 to $50 dollars below the rate charged by lead counsel. While plaintiff counsels' law firm may follow this billing practice, this argument is not persuasive.  The fact that an attorney with 30 years experience chooses to bill at an hourly rate of $125 does not warrant an arbitrary reduction of $30 to $50 per hour for an associate in the same firm.  Because no other objections are asserted to the requested rates,  the hourly rates of $125 and $115 shall be approved.

**Summary**

After considering the statement of fees and expenses submitted by defendant, plaintiff's arguments, and the issues raised by the motion to compel, the court concludes that a reasonable award of attorney fees under Rule 37(a)(4)(A) is $1,875 dollars.  This amount is based on a reasonable allowance of ten hours for SRN's preparation of the motion and reply brief, three hours for DWH's revisions to the briefs, and two hours for DWH's conference with plaintiff's counsel and organization of defendant's efforts to secure proper

discovery responses.[4]

**IT IS THEREFORE ORDERED** that attorney fees and expenses in the amount of **$1,875** are assessed against plaintiff's counsel.[5]  The amount shall be paid to defendant on or before **January 1, 2008.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 29th day of November 2007.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[4] The court allows SRN eight hours for research and drafting of the motion and two hours for preparation of the reply brief.  Similarly, the court allows three hours for DWH for editing the motion to compel and reply brief.  The court is not persuaded that 4.4 hours for a law clerk's research or .5 hours for a consultation with MPP is warranted.

[5] The September 11 Memorandum and Order indicated that the sanctions would be imposed against plaintiff's counsel unless evidence was presented that plaintiff was personally at fault for failing to provide discovery responses.  (Doc. 77, p. 14).  Because no evidence has been proffered that plaintiff was personally at fault, the sanction is assessed against plaintiff's counsel.